UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**SURMA BURGOS**,                                    Case No.:

    Plaintiff,

    v.

**CONVIVA CARE SOLUTIONS, LLC.,**

    Defendant.
_____/

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, SURMA BURGOS ("Plaintiff" or "BURGOS"), by and through undersigned counsel, sues Defendant, CONVIVA CARE SOLUTIONS, LLC, (hereinafter "Defendant" or "CONVIVA"), and alleges as follows:

**NATURE OF ACTION**

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA") and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

**JURIDICTION AND VENUE**

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Miami, Florida and was a resident of Miami-Dade County, Florida for all times relevant to this action.

6. At all times relevant to this action, Plaintiff was an employee of Defendant.

7. Defendant is a Foreign Limited Liability Company authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

## STATEMENT OF FACTS

8. Plaintiff brings forth this action in Federal Court pursuant to Title VII and FCRA.

9. In or around November 2010, Plaintiff BURGOS was hired by CONVIVA to work within its Transportation department.

10. At all material times, Plaintiff BURGOS was assigned by CONVIVA to work as a Transportation Supervisor.

11. At all material times, Plaintiff BURGOS was one of eight (8) Transportation Supervisors working for Respondent.

12. At all material times, Plaintiff Burgos was the only female Transportation Supervisor working at the Respondent's Miami location.

13. At all material times, Plaintiff Burgos salary was significantly less than each of her male counterparts.

14. At all material times, Plaintiff Burgos complained about the salary differences and nothing was done to correct the issue despite CONVIVA's Human Resource Officer's promises to "LOOK INTO IT."

15. Plaintiff Burgos continued making significantly less than her male counterparts until her unlawful termination.

16. At all material times, CONVIVA'S General Manager, HERIBERTO BAEZ (hereinafter "BAEZ") was and is a male employed by CONVIVA.

17. At all material times, BAEZ held direct supervisory authority over Plaintiff BURGOS.

18. At all material times, BAEZ controlled the terms of Plaintiff Burgos' employment.

19. At all material times, Transportation Supervisor Rick Urdanivia (hereinafter referred to as "URDANIVIA") held a similar position to that of Plaintiff Burgos.

20. At all material times, Plaintiff Burgos worked well with other supervisors at Respondent.

21. At all material times, CONVIVA's leadership team considered Plaintiff Burgos to be a good employee.

22. At all material times, Plaintiff Burgos had every intention of working with Defendant until retirement.

23. In or around February 2019, URDANIVIA began sending flirtatious text messages to Plaintiff Burgos asking to take her on dates.

24. At all material times, Plaintiff Burgos continuously rejected URDANIVIA sexual advances.

25. At all material times, Plaintiff Burgos is and was involved in a committed relationship with an employee of CONVIVA.

26. At all material times, Respondent's URDANIVIA knew of Plaintiff Burgos' relationship with said employee.

27. At all material times, Respondent's URSDANIVIA used the knowledge of the relationship as a bargaining tool in making sexual requests from Plaintiff Burgos.

28. In or around March 2019, Plaintiff Burgos' partner requested time off from Respondent's URDANIVIA, Respondent's URDANIVIA then sent a text to Plaintiff Burgos asking her if she would go out with him.

29. If Plaintiff Burgos agreed to the date, Respondent's URDANIVIA would then grant Plaintiff Burgos' partner his requested time off.

30. At all material times, BURGOS rejected all Respondent's URDANIVIA's sexual advances.

31. On a number of occasions, Respondent's URDANIVIA threatened to terminate Plaintiff Burgos' partner's employment with Respondent if she did not agree to accept Respondent's URDANIVIA's advances.

32. In or around April 2019, Respondent's URDANIVIA continued threatening Plaintiff Burgos' and her partner.

33. In or around April 2019, Plaintiff Burgos complained to CONVIVA'S Human Resource Officers about the sexually harassment and the hostile work environment created by URDANIVIA.

34. In or around April 2019, Human Resource officers promised Plaintiff Burgos that they would initiate an investigation and would keep her informed as to the next steps in the process.

35. In or around April 2019, URDANIVIA terminated Plaintiff Burgos' partner in retaliation of her complaints to Human Resources.

36. Plaintiff Burgos engaged in protected activity- she complained to the appropriate personnel about the pervasive sexual harassment that she had endured.

37. In or around May 2019, CONVIVA requested Plaintiff Burgos' phone to complete their investigation. Plaintiff Burgos informed Respondent that she was not in possession of the phone but would turn the phone over as soon as she was able to locate it.

38. In or around May 2019, Plaintiff Burgos turned over the phone and CONVIVA was able to complete the investigative process.

39. In or around May 2019, CONVIVA informed Plaintiff Burgos that there was no material findings and insufficient evidence to substantiate her claim against URDANIVIA.

40. In or around June 2019, shortly after Plaintiff Burgos' complaints of sexual harassment, CONVIVA'S Human Resources officer informed Plaintiff Burgos of their intention to investigate a January 8, 2019 misuse of Defendant's car.

41. Plaintiff Burgos informed CONVIVA'S investigator of the situation surrounding the use of the car.

42. In or around June 2019, CONVIVA terminated Plaintiff Burgos for an alleged January 2019 instance of misuse of CONVIVA'S car. CONVIVA alleges Plaintiff used the car for personal use.

43. At all times relevant, Plaintiff Burgos did not use CONVIVA'S car for personal use.

44. Plaintiff Burgos suffered adverse employment action as a result of her engaging in protected activity.

45. Respondent's do not fire other employees for one minor infraction.

46. Plaintiff Burgos was terminated in retaliation of her April 2019 complaints of sexual harassment against CONVIVA'S supervisor.

47. In or around June 2019, Plaintiff Burgos suffered a panic attach and as a result, was hospitalized for three (3) days.

48. Plaintiff Burgos has suffered significant medical complications as a result of the stress and embarrassment endured since February 2019.

49. At all material times, Plaintiff Burgos objected URDANIVIA's regular sexual advances.

50. At all material times, Plaintiff Burgos made every attempt to avoid one and one contact with URDANIVIA.

51. Plaintiff Burgos claims actual discharge.

52. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

53. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

54. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

55. As a result of the acts and conduct complained of herein, Plaintiff Burgos has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff Burgos has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff Burgos further experienced severe emotional and physical distress.

56. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

57. As a result of the above, Plaintiff Burgos has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

58. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law. As such, Plaintiff Burgos demands Punitive Damages as against Defendant.

59. The above are just some of the examples of the discrimination and retaliation to which Defendant subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

60. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 59 of this complaint.

61. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

62. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

63. Defendant's supervisor, URDANIVIA regularly made sexual comments to Plaintiff Burgos.

64. Defendant's URDANIVIA made several comments about having a sexual relationship with Plaintiff BURGOS.

65. Plaintiff was sexually harassed based on her gender.

66. Defendant treated Plaintiff less favorably than similarly situated employees outside the protected class.

67. Plaintiff BURGOS exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

68. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

69. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

    b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

    d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

    e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

70. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 59 above.

71. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

72. Plaintiff BURGOS is a woman and, as such, a member of a protected class under Title VII.

73. Plaintiff BURGOS complained to CONVIVA about the sexually charged messages from URDANVIA.

74. Plaintiff BURGOS complained to Defendant's Human Resource about sexual text messages from URDANIVIA.

75. Plaintiff engaged in protected activity such as complaining about discrimination based on her gender.

76. Shortly after Plaintiff BURGOS made her sexual harassment and retaliation complaints, Defendant terminated Plaintiff BURGOS for alleged wrongdoing that occurred six months prior.

77. Plaintiff BURGOS exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

78. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

    e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

**AS A THIRD CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT UNDER TITLE VII**

79. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 59 above.

80. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

81. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

82. The harassing conduct was directly connected to Plaintiff BURGOS' gender.

83. Plaintiff BURGOS did not welcome Defendant's supervisor's conduct or comments.

84. Defendant delegated URDANIVIA the supervisory authority. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff BURGOS' working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

85. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to

business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION

## DISCRIMINATION UNDER FCRA

86. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 59 above.

87. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

88. Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

89. At all times relevant, Plaintiff was an employee under the FCRA.

90. Plaintiff is and was protected against discrimination under the FCRA.

91. At all times relevant, Plaintiff BURGOS was qualified to do her job and other jobs at Defendant.

92. At all times relevant, Defendant treated Plaintiff differently because of her gender and sexual orientation.

93. Defendant's discrimination against Plaintiff was willful or with reckless indifference to his protected rights.

94. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

> **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and
>
> b. Issue an order prohibiting further retaliation; and
>
> c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and
>
> d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and
>
> e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION

## RETALIATION UNDER FCRA

95. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 59 above.

96. Defendant took adverse employment actions against Plaintiff BURGOS because she complained about the sexual discrimination and sexual harassment of her; i.e., because she engaged in activities protected by the FCRA.

97. Defendant terminated Plaintiff BURGOS within one (1) month of her formal complaint of sexual discrimination and sexual harassment.

98. These retaliatory actions against Plaintiff BURGOS would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

>**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
>a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and
>
>b. Issue an order prohibiting further retaliation; and
>
>c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and
>
>d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and
>
>e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER FCRA

99. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 59 above.

100. The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

101. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

102. The harassing conduct was directly connected to Plaintiff BURGOS' gender.

103. Defendant delegated URDANVIA the supervisory authority. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff BURGOS' working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

104. As a result of Defendant's violations of FCRA, Plaintiff BURGOS has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER THE EPA

105. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 59 above.

106. Plaintiff claims Defendant violated the EPA, 29 U.S.C. §206(d)(1), which provides as follows:

   (1) Prohibition of sex discrimination. No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

   (2) No labor organization, or its agents, representing employees of an employer having employees subject to any provisions of this section shall cause or attempt to cause such an employer to discriminate against an employee in violation of paragraph (1) of this subsection.

   (3) For purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter.

107. Plaintiff, as a female, was discriminated against by Defendant because of her sex/gender and has suffered damages as set forth herein. Plaintiff also claims unlawful retaliation under the EPA for her opposition to Defendant's unlawful employment practices.

108. The differential in pay between male and female supervisors was not due to seniority, merit, quantity, or quality of production, but was due to gender.

109. Plaintiffs has suffered and will continue to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

110. Plaintiffs are entitled to all legal and equitable remedies available for violations of the EPA

including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).  Attorneys' fees should be awarded under 29 U.S.C. § 216(b).

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER THE FLORIDA EQUAL PAY ACT

111.   Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 59 above.

112.   Plaintiff, as a female, was discriminated against by Defendant because of her sex/gender and has suffered damages as set forth herein.

113.   Plaintiff also claims unlawful retaliation under the EPA for her opposition to Defendant's unlawful employment practices.

114.   The differential in pay between male and female supervisors was not due to seniority, merit, quantity, or quality of production, but was due to gender.

115.   Plaintiffs has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

116.   Plaintiffs are entitled to all legal and equitable remedies available for violations of the EPA including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to Florida Statute 448.07.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay,

punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Miami, Florida
February 4, 2020

                                           DEREK SMITH LAW GROUP, PLLC
                                           Attorneys for Plaintiffs

                                       By: /*s/Tiffani-Ruth Brooks*
                                             Tiffani-Ruth I. Brooks, Esq.
                                             tiffani@dereksmithlaw.com
                                             701 Brickell Avenue, Suite 1310
                                             Miami, FL 33186
                                             (305)946-1884